LEON GREENBERG, ESQ., SBN 8094
DANA SNIEGOCKI, ESQ., SBN 11715
Leon Greenberg Professional Corporation
2965 South Jones Blvd- Suite E3
Las Vegas, Nevada 89146
Tel (702) 383-6085
Fax (702) 385-1827
leongreenberg@overtimelaw.com
dana@overtimelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM SLACK and HARRY STROCK, Individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PARBALL NEWCO LLC dba BALLY'S, PARBALL CORP, PARBALL LLC, and "JOHN DOE CORPORATIONS" 1 to 50, name fictitious, actual name and number unknown,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT** |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE STATUTES GOVERNING THE PAYMENT OF WAGES**

**JURISDICTION, PARTIES AND PRELIMINARY STATEMENT**

1.  The plaintiffs, WILLIAM SLACK and HARRY STROCK (the "plaintiffs" or "named plaintiffs"), are residents of Clark County and the State of Nevada.  Plaintiffs are current employees of the defendants employed as "casino floor supervisors" also called "table games supervisors."

2.  The defendant, PARBALL NEWCO LLC (the "defendant"), is a foreign limited liability company formed and existing pursuant to the laws of the State of

1

Delaware and has its principal place of business in Clark County Nevada and operates the property known as the BALLY'S HOTEL AND CASINO and/or PARIS HOTEL AND CASINO in Las Vegas, Nevada.

3.  The defendant PARBALL CORP is a domestic corporation formed and existing pursuant to the laws of the State of Nevada and has its principal place of business in Clark County Nevada and has previously operated or does operate the property known as the BALLY'S HOTEL AND CASINO and/or PARIS HOTEL AND CASINO in Las Vegas, Nevada.

4.  The defendant PARBALL LLC is a domestic limited liability company formed and existing pursuant to the laws of the State of Nevada and has its principal place of business in Clark County Nevada and has previously operated or does operate the property known as the BALLY'S HOTEL AND CASINO and/or PARIS HOTEL AND CASINO in Las Vegas, Nevada

5.  The defendants "John Doe Corporations" 1 to 50 are named fictitiously and their exact legal names and the number of such defendants are unknown (the "John Doe Defendants").  Such defendants are the legal entities that own and/or operate the BALLY'S HOTEL AND CASINO and PARIS HOTEL AND CASINO in Clark County, Nevada, the properties at which the plaintiff and members of the putative plaintiff class are/were employed.

6.  The defendants engage in a for-profit business which has gross revenue in excess of $500,000 per annum and are engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are employers subject to the jurisdiction of the FLSA.

7.  The plaintiffs have been employees of the defendants during the time period pertinent to this complaint, to wit, during the three years immediately preceding the initiation of this action.  The plaintiffs have performed labor and services in various occupations that are subject to the aforesaid provisions of the FLSA.  These

occupations include, but are not limited to, laboring as casino floor supervisors/table games supervisors in the BALLY'S HOTEL AND CASINO and the PARIS HOTEL AND CASINO which are owned and operated by one or more of the defendants.

8. The defendants are alleged to be joint employers, or successive employers, within the meaning of the FLSA and state law of the plaintiffs.

9. That all of the various violations of law that are alleged herein were committed intentionally and/or willfully by the defendants.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), the named plaintiffs bring this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of themselves and all persons similarly situated, to wit a putative class of casino floor supervisors/table games supervisors employed by the defendants to work in the BALLY'S HOTEL AND CASINO and the PARIS HOTEL AND CASINO in the State of Nevada within three (3) years of the filing of this Complaint until entry of judgment after trial, except those persons who have previously released or settled their claims for the unpaid overtime wages that are alleged in this Complaint.

11. In respect to the Nevada statutory claims set forth in this Complaint, the plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a class of all similarly situated persons employed by the defendants in the State of Nevada.

12. Plaintiffs are informed and believe, and based thereon allege that there are at least 100 putative class and collective action members. The actual number of class and collective action members is readily ascertainable by a review of the defendants' records through appropriate discovery.

13. The number of class members is so numerous that joinder is impracticable and would involve many individual litigations. Disposition of these claims in a class and/or collective action rather than in individual actions will benefit the parties and the

Court.

14. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

15. Proof of a common or single set of facts will establish the right of each member of the class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The named plaintiffs' claims are typical of those of the class.

16. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since the defendants' practices were uniform and the burden is on the employer to establish that its method for compensating the class members complies with the requirements of the FLSA and Nevada law.

17. The named plaintiffs will fairly and adequately represent the interests of the class and have no interests that conflict with or are antagonistic to the interests of the class.

18. The named plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

19. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

**FACTUAL ALLEGATIONS UNDERLYING THE CLAIMS**

20. The defendants are in the hotel and casino business and employ the

4

plaintiffs and the putative FLSA collective and Fed. R. Civ. P. 23 class members as casino floor supervisors/table games supervisors in the BALLY'S HOTEL AND CASINO and the PARIS HOTEL AND CASINO in Las Vegas, Nevada.

21. The plaintiffs and the putative FLSA collective and Fed. R. Civ. P. 23 class members are, for purposes of the overtime pay requirements of the FLSA and state law, improperly compensated on what defendants claim is a salary basis. Even though the plaintiffs were told they were compensated on a salary basis, defendants routinely deducted money from this purported salary when plaintiffs worked "partial days" and could not or would not use their accumulated paid time off ("PTO"). For example, plaintiff SLACK has experienced receiving only partial day pay after completing approximately four hours of his scheduled eight hour shift after being sent home by an upper level management employee who determined the casino was "overstaffed" and plaintiff SLACK was not required to be present on the casino floor for the entire shift. In that instance, which occurred within the last three years, plaintiff SLACK was paid only for the hours he actually was present on the casino floor and engaged in work, and not for his "full day" of supposedly "salaried compensation" work. Such a "partial day" pay policy violates the salary basis test under state and federal law forbidding employers from making "partial day" deductions from a salaried employees' "full day" salary pay. Plaintiff STROCK was forced to use his accumulated PTO to cover any unworked hours during his shift if he was told to leave his shift early by defendants. If he chose not to use his accumulated PTO, he would only be paid for a partial day instead of his regular eight hour scheduled "full salary" shift day. Defendants deduced from the salaries of all casino floor supervisors/table games supervisors in the same fashion. By doing so, defendants violated the salary requirement to qualify for the overtime exemption under state and federal law. Accordingly, plaintiff and the putative class of plaintiffs were misclassified as exempt from overtime.

22. While it is the defendants burden to establish the applicability of any exemption to the overtime pay requirements of the FLSA and state law, and not the

1  plaintiffs' burden to disprove the existence of any such exemption, plaintiffs allege
2  that even if they and the class and collective action members had been compensated on
3  a true "salary basis," they would still be entitled to overtime pay.  That is because there
4  is no applicable overtime pay exemption for the plaintiffs and the class and collective
5  action members, none of whom exercise independent judgment and discretion in
6  decision making in the fulfillment of their duties as defendants' employees that is
7  sufficient to make them overtime exempt "executive" (managerial) employees.
8  Indeed, the relevant practices and procedures of the defendants uniformly forbid the
9  plaintiffs and the class and collective action members from exercising any such level
10 of independent judgment and discretion in the performance of their duties as
11 employees of the defendants.

12       23.   The plaintiffs and putative class members are scheduled for shifts of 40
13 hours per week, five days per week, eight hours per day.  In addition to the 40 hour per
14 week schedule, the defendants required and continue to require all their casino floor
15 supervisors/table games supervisors employed at the  BALLY'S HOTEL AND
16 CASINO and the PARIS HOTEL AND CASINO to attend pre-shift meetings which
17 commence twenty (20) minutes prior to the start of each employee's scheduled shift
18 each work day.   Such pre-shift meeting time was uncompensated by defendants.  This
19 resulted in each floor supervisor working approximately eight hours and twenty
20 minutes per day, or at least 41 hours and 40 minutes each week, without being paid
21 any wages whatsoever for the additional one hour and 40 minutes worked each week,
22 such additional work time constituting in most or almost all weeks "overtime" under
23 both the FLSA and Nevada law.  Such policy of requiring all BALLY'S HOTEL AND
24 CASINO and PARIS HOTEL AND CASINO floor supervisors to perform
25 uncompensated pre-shift meeting work continued through October 1, 2016.

26       24.   In addition to the unpaid pre-shift meetings discussed in paragraph 23,
27 defendants also required their casino floor supervisors/table games supervisors to
28 attend in person, on a quarterly basis, meetings lasting approximately one and one-half

to two hours in length as a requirement of their job.  These meetings were to be attended by the plaintiffs and the putative class members on their off-time, meaning not during their regularly scheduled shifts, and such persons were not compensated for their attendance at this meetings.  Defendants also required the plaintiffs and the putative class members to participate in online training and testing/certification exams on a quarterly basis which the plaintiffs and the class members must complete during times outside their normally scheduled shifts and for which time they were not paid.

25. Plaintiffs and the other class and collective action members also on occasion worked in excess of the 41 hours and 40 minutes per week, as sometimes they were required to work six (6) days per week during special events, and for which they were not compensated for the additional shift(s) and hours worked.

26. Defendants' violations of the FLSA were willful in that defendants were aware their failure to pay overtime was illegal and violated the FLSA and Nevada law.

**AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED**

27. The named plaintiffs bring this First Claim for Relief pursuant to 29 U.S.C. § 216(b) against defendants on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

28. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the named plaintiffs and those similarly situated were entitled to an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, the named plaintiffs and those similarly situated worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime wage payments because such persons were not paid such required wages for their attendance at daily "pre-shift meetings" and other working time.  The named plaintiffs have worked and continue to work in excess of 40 hours every week in which they are scheduled to work at least five (5) days per week which

is the vast majority of all weeks worked by each of the plaintiffs and class members, as all such persons attended such "pre-shift meetings" prior to the start of their shifts which brings their total hours worked for each week to at least 41 hours and 40 minutes during the vast majority of their work weeks.

29. The named plaintiffs on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seek, on this First Claim for Relief, a judgment against defendants for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named plaintiffs and any such other persons who consent to join this action, and the plaintiffs also seek an award of attorney's fees, interest, and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF PURSUANT TO NEVADA REVISED STATUTES § 608.018 AGAINST THE DEFENDANTS ON BEHALF OF THE NAMED PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED**

30. The named plaintiffs repeat each and every allegation previously made herein and incorporate the same into this claim for relief.

31. The named plaintiffs bring this Second Claim for Relief against the defendants pursuant to NRS § 608.018 on behalf of themselves and a class of all similarly situated employees of the defendants so employed at the BALLY'S HOTEL AND CASINO and the PARIS HOTEL AND CASINO in Las Vegas, Nevada.

32. Pursuant to NRS § 608.018, the plaintiffs and the putative class members were entitled to the payment of wages at time and one-half their normal hourly rate when they worked in excess of 40 hours a week, and the plaintiffs were not paid such required wages as their attendance at daily "pre-shift meetings" and other meetings or trainings was uncompensated, defendants also misclassifying them as salaried workers exempt from overtime payments.

33. The named plaintiffs on behalf of themselves and the class members, seek,

on this Second Claim for Relief, a judgment against the defendants for overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the plaintiffs, and also seek an award of attorney's fees, interest and costs, as provided for by Nevada Law.

Wherefore, the plaintiffs demand a judgment on all claims for the damages and equitable relief as alleged aforesaid.

Plaintiffs demand a trial by jury on all issues so triable.

Dated: Clark County, Nevada
October 4, 2015

Leon Greenberg Professional Corporation

By: /s/ *Leon Greenberg*
LEON GREENBERG, Esq.
Nevada Bar No.: 8094
2965 South Jones Blvd- Suite E3
Las Vegas, Nevada 89146
Tel (702) 383-6085
Fax (702) 385-1827
leongreenberg@overtimelaw.com

Attorney for Plaintiffs

CONSENT TO JOINDER

William Slack, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

_____
William Slack

CONSENT TO JOINDER

Harry Strock, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

_____
Harry Strock