ELAYNA J. YOUCHAH (Nev. Bar No. 5837)
JACKSON LEWIS P.C.
3800 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Tel.: 702.921.2460
Fax: 702.921.2461
*youchahe@jacksonlewis.com*

JOEL M. COHN (*pro hac vice*)
ALLISON S. PAPADOPOULOS (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036-1564
Telephone: 202.887.4000
Fax: 202.887.4288
*jcohn@akingump.com*
*apapadopoulos@akingump.com*

Attorneys for Defendants
Parball Newco LLC and PHWLV, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM SLACK, HARRY STROCK, and EDWARD CHAMPA Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PARBALL NEWCO LLC dba BALLY'S, PARBALL CORP., PARBALL LLC, PHWLV, LLC dba PLANET HOLLYWOOD LAS VEGAS RESORT AND CASINO, and "JOHN DOE CORPORATIONS" 1 to 50, name fictitious, actual name and number unknown,<br><br>Defendants. | Case No. 2:16-cv-02324-KJD-CWH<br><br>STIPULATION TO CONDITIONAL CERTIFICATION AND NOTICE |

Pursuant to Fed. R. Civ. P. 83(b) and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), named plaintiffs William Slack, Harry Strock, and Edward Champa, and defendants Parball Newco LLC dba Bally's, Parball Corporation, Parball LLC, PHWLV, LLC dba Planet Hollywood Las Vegas Resort and Casino[1] hereby jointly agree to conditional certification of the FLSA collective action and to issuance of notice to potential opt-in plaintiffs. The parties request that the Court approve the enclosed notice and consent to join form, which are attached as exhibit A. Subject to approval by the Court, the parties will provide notice and the consent form to potential opt-in plaintiffs on March 15, 2017, in accordance with the following conditions:

1. The parties will retain CPT Group, Inc. ("notice administrator") to administer the notice process. Defendants will provide the notice administrator a list of potential opt-in plaintiffs containing the name, last known home address (including zip code), and last known telephone number, of all former and current table games supervisors employed by defendants at Paris, Bally's and/or Planet Hollywood casinos in Las Vegas Nevada from October 4, 2013 through September 31, 2016, except those table games supervisors who filed claims in the settlement of *Balint v. Paris LV Operating Co.*, LLC, No. A-16-731890 and whose employment with defendants terminated on or before June 29, 2016. Defendants will provide the total number of potential opt-in plaintiffs to the plaintiffs' counsel, but will not provide the names or contact information of these individuals.

2. On March 15, 2017, the notice administrator will mail by first class mail the proposed notice and consent form to all persons appearing on the list referred to in paragraph 1. The notice administrator will email all received consent forms to counsel for the parties on a weekly basis. Plaintiffs' counsel will file these

---

[1] On November 8, 2016, defendants filed a notice of pendency of bankruptcy and automatic stay which covers Parball LLC f/k/a Parball Corporation. *See* DE 27. The bankruptcy petition was filed on January 15, 2015; the instant lawsuit concerns in large part post-petition claims not subject to bankruptcy administration. *See id.*

forms with the Court.  In the event the notice administrator receives any consent forms after the end of the 60-day opt-in period, they will be provided to the parties to confer over whether to allow the persons who returned those late-filed consent forms to join this lawsuit as plaintiffs.  In the event the parties disagree about allowing the joinder of any such persons as plaintiffs in this lawsuit, plaintiffs' counsel can make a motion for an order from the Court allowing such.  Nothing in this Stipulation will be deemed a consent by defendants to allow such joinder after the 60 day opt-in period.

3. Defendant will cover all costs for the services provided by the notice administrator regarding the mailing of the notice and consent forms.

4. Pursuant to the parties' joint stipulation on tolling of the limitations period under the FLSA, the filing date for consent forms will be deemed 47 days before the date the form is received by the notice administrator.  *See* DE 38.

5. Before the mailing, the notice administrator will update the addresses through the NCOA database.  The notice administrator will perform address tracing and forwarding for undeliverable notices.

6. A declaration will be provided by the notice administrator to counsel for both parties attesting that the notice administrator has complied with the terms of this stipulation.

7. The notice administrator will permit the undersigned counsel, upon request, to inspect all records of the notice administrator pertaining to the notice herein once the opt-in process has been completed.

8. The opt-in period will close on May 15, 2017.

9. Upon completion of the opt-in process, the notice administrator will provide the full list of opt-in plaintiffs to plaintiffs' counsel.  The list will contain the name, last known home address (including zip code), and last known telephone number, of all individuals who properly opted in to this action.

10. Neither side will contact any of the potential opt-in plaintiffs for any purpose related to this action, including to encourage or discourage them from opting in to this lawsuit, until after the completion of the opt-in period, except that counsel may respond to inquiries from potential opt-in plaintiffs during this time. Plaintiffs' counsel may contact potential opt-in plaintiffs after they have opted in.

11. Defendants and plaintiffs' counsel will not post, publish, or email the notice. However, plaintiffs' counsel may email it to persons who initiate contact with plaintiffs' counsel. Neither plaintiffs nor plaintiffs' counsel will solicit opt-in plaintiffs.

12. Within one week after the close of the opt-in period, the parties will confer regarding discovery and a briefing schedule for Rule 23 class certification and any other motions the parties contemplate. The parties will then submit to the Court a proposed schedule for such discovery and briefing.

13. This joint stipulation resolves the Plaintiffs' Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(B) and for Other Relief filed on December 7, 2016. Plaintiffs will withdraw their motion upon the filing of this stipulation.

Date: February 27, 2017                AKIN GUMP STRAUSS HAUER & FELD, LLP


By: /s/ *Joel M. Cohn*
      Joel M. Cohn
      Allison S. Papadopoulos
      Attorneys for defendants

1 | Date: February 27, 2017               Leon Greenberg Professional Corporation

2

3                                         By: /s/ *Leon Greenberg*
4                                              Leon Greenberg
                                               Dana Sniegocki
5                                              Attorneys for plaintiffs

6

7
   Date: February 28, 2017               So Ordered.
8

9

10                                        _____
                                          United States District Judge
11

12

...

28

5

March 15, 2017

<u>NOTICE TO POTENTIAL CLASS MEMBERS</u>

TO: All current and former table games supervisors employed at Paris Las Vegas Casino ("PLV"), Bally's Las Vegas Hotel and Casino ("BLV"), and/or Planet Hollywood Casino ("PHC") in Las Vegas Nevada from October 4, 2013 through September 31, 2016, except those table games supervisors who filed claims in the settlement of *Balint v. Paris LV Operating Co.*, LLC, No. A-16-731890, and whose employment with defendants terminated on or before June 29, 2016.

RE: Your right to join a lawsuit seeking to recover allegedly unpaid overtime compensation.

1. <u>PURPOSE OF THIS NOTICE</u>

This Notice informs you of a recently filed lawsuit in the United States District Court for the District of Nevada, No. 2:16-cv-02324, under the Fair Labor Standards Act ("FLSA"), advises you of your rights as a potential member of the class, and tells you how you can be included in this lawsuit. If you desire to join this lawsuit against PLV, BLV, and PHC you must sign and return the enclosed Consent Form as explained below.

The lawsuit has not been decided and PLV, BLV, and PHC do not believe that they have violated the law.

2. <u>DESCRIPTION OF THE FLSA ACTION</u>

On October 4, 2016, table games supervisors William Slack, Harry Strock, and Edward Champa ("plaintiffs") filed this FLSA lawsuit against PLV, BLV, and PHC ("defendants") on behalf of all table games supervisors who they believe are similarly-situated. This Notice addresses only your rights regarding your right to join the FLSA lawsuit they have filed, which is also called a collective action.

Plaintiffs allege that defendants violated the FLSA by (a) misclassifying their table game supervisors as "exempt" from federal overtime requirements and (b) failing to pay their table games supervisors overtime compensation for hours they worked over 40 each workweek.

Plaintiffs allege that they and all other table games supervisors are entitled to recover from defendants pursuant to the FLSA (a) unpaid overtime compensation; (b) liquidated damages; (c) attorney's fees; and (d) certain litigation costs.

Defendants deny these claims and believe that their table games supervisors were properly classified as exempt from being paid overtime.

The Court has not yet decided whether plaintiffs or defendants are correct.

3.   YOUR RIGHT TO PARTICIPATE IN THIS FLSA ACTION

Plaintiffs seek to sue for themselves and also for other current and former table games supervisors of defendants from October 4, 2013 through September 31, 2016, except for those table games supervisors who filed claims in the settlement of *Balint v. Paris LV Operating Co.*, LLC, No. A-16-731890, and whose employment with the defendants terminated on or before June 29, 2016. If you satisfy this definition, you may choose to participate in this lawsuit.

4.   HOW TO PARTICIPATE IN THIS FLSA ACTION

To join this collective action, you must sign and return the enclosed consent form by (a) mailing the form to CPT Group, Inc., the notice administrator, in the self-addressed and postage-prepaid envelope included with this Notice; (b) faxing the form to CPT Group at _____; or (c) scanning the form and emailing it to CPT Group at _____.

The signed consent form must be postmarked, faxed, or emailed by May 15, 2017. The time period for which you can seek any unpaid overtime compensation under the FLSA will depend upon when this form is filed with the Court. If you lose or misplace the enclosed consent form, or have any questions about filling out or returning the consent form, you may contact either CPT Group at ***-***-****. If you have other questions about this notice or your legal rights discussed in the notice you should consult an attorney and you can also contact the attorney for the plaintiffs at 800-257-4841 or 702-383-6085; their complete contact information is listed in paragraph 8 of this notice.

5.   NO RETALIATION PERMITTED

The law prohibits defendants from retaliating against you for participating in this lawsuit. Defendants, and their employees and agents, will not retaliate against you in any manner if you decide to participate in this lawsuit.

6.     EFFECT OF JOINING THIS FLSA ACTION

If you join this lawsuit as a plaintiff, you will be bound by any judgment that is entered by the district court, whether favorable or unfavorable, and share in any recovery from trial, if there is one.  You will also be bound by, and have the right to share in, any settlement that may be reached on behalf of the class.

If you join this lawsuit you are agreeing that the named plaintiffs can make decisions on your behalf concerning this lawsuit.  The Court will have to approve any settlement of this lawsuit and you will be advised in advance of any proposed settlement and will have an opportunity to tell the Court if you wish to participate in any such settlement.  You may or may not be required to provide information about your work for the defendants or give evidence as part of this lawsuit if you want your claim for overtime wages to be decided as part of this lawsuit.

The plaintiffs' attorneys will be paid for their work and expenses in this lawsuit only if money is collected for the plaintiffs.  If no money is collected for the plaintiffs the plaintiffs' attorneys will not be paid anything.  The amount they will be paid, if money is collected for the plaintiffs, will have to be approved by the Court and may be calculated as a portion of what is collected for each person who joins the lawsuit.  Before approving any award of attorney's fees, all of the persons who have joined this lawsuit will be given an opportunity to tell the Court if they do not want the Court to approve the fees requested by plaintiffs' attorneys.

7.     LEGAL EFFECT OF NOT JOINING THIS FLSA ACTION

If you choose not to return a consent form and not join this FLSA lawsuit, you will not be bound by any judgment, whether favorable or unfavorable, and will not share in any recovery for the asserted claims.  You will be free to file your own FLSA lawsuit; however, the pendency of this collective action will not stop the running of the FLSA statute of limitations as to any FLSA claims you may have.  The statute of limitations will not stop running until a completed consent form is returned to the notice administrator and filed with the Court.  The FLSA statute of limitations is two years, or three years if a willful violation of the FLSA is proved.  The statute of limitations is measured from each week the employee worked but was improperly paid overtime wages; it is not measured from the date the worker terminates his or her employment.

8.    YOUR LEGAL REPRESENTATION IF YOU JOIN

If you participate in this litigation, you will be represented by:

Leon Greenberg
Dana Sniegocki
Leon Greenberg Professional Corporation
2965 South Jones Blvd. – Suite E3
Las Vegas, Nevada 89146
Phone: 702-383-6085
dana@overtimelaw.com

9.    FURTHER INFORMATION

Further information about this Notice may be obtained from the plaintiffs' counsel at 702-383-6085 or 800-257-4841.  Email communications are preferred and can be sent to dana@overtimelaw.com.  Do not contact the Court regarding any aspect of this Notice.

The Court is neutral in this lawsuit and has not made any determinations about the claims of the plaintiffs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM SLACK, HARRY STROCK, and EDWARD CHAMPA Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PARBALL NEWCO LLC dba BALLY'S, PARBALL CORP., PARBALL LLC, PHWLV, LLC dba PLANET HOLLYWOOD LAS VEGAS RESORT AND CASINO, and "JOHN DOE CORPORATIONS" 1 to 50, name fictitious, actual name and number unknown,<br><br>Defendants. | Case No. 2:16-cv-02324-KJD-CWH<br><br>CONSENT FORM |

I hereby opt-in and consent to be a party plaintiff under the Fair Labor Standards Act (the "FLSA") in this lawsuit. I agree to be represented in this lawsuit by Leon Greenberg Professional Corporation and to allow the named plaintiffs William Slack, Harry Strock, and Edward Champa to prosecute my claims under the FLSA as my agents to the extent permitted by the Court. By filing this consent form, I understand that I will be bound by all determinations made by the Court in respect to my claims under the FLSA against the defendants.

_____
Signature                    Date

_____
Name (Please Print)

_____
Street Address

_____

        City, State, Zip Code

        _____
        Phone Number (requested, not required)

        _____
        Email Address (requested, not required)

FAX to:    [CPT Group, Inc.]

EMAIL to:    [CPT Group, Inc.]

MAIL to:    [CPT Group, Inc.]

On or before: June 15, 2017