ELAYNA J. YOUCHAH (Nev. Bar No. 5837)
JACKSON LEWIS P.C.
3800 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Tel.: 702.921.2460
Fax: 702.921.2461
*youchahe@jacksonlewis.com*

JOEL M. COHN (*pro hac vice*)
ALLISON S. PAPADOPOULOS (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036-1564
Telephone: 202.887.4000
Fax: 202.887.4288
*jcohn@akingump.com*
*apapadopoulos@akingump.com*

Attorneys for defendants
Parball Newco LLC and PHWLV, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM SLACK, HARRY STROCK, and EDWARD CHAMPA, on behalf of themselves, and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> PARBALL NEWCO LLC dba BALLY'S, PARBALL CORP., PARBALL LLC, PHWLV, LLC dba PLANET HOLLYWOOD LAS VEGAS RESORT AND CASINO, and "JOHN DOE CORPORATIONS" 1 to 50, name fictitious, actual name and number unknown, <br><br> Defendants. | Case No. 2:16-cv-02324-RFB-CWH <br><br> STIPULATED PROTECTIVE ORDER |

This protective order will govern documents and information produced by the

parties in *Slack, et al. v. Parball Newco LLC, et al.*, No 2:16-cv-02324-RFB-CWH (D. Nev.). Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule of Practice 26-7, the parties may designate any documents and/or information as "confidential" consistent with the provisions of this protective order.

I. <u>DESIGNATION AND USE OF CONFIDENTIAL MATERIAL</u>

    A.    During the course of this litigation, any party may seek to have discovery material classified as "confidential" if the designating party in good faith believes that the material contains protected, non-public confidential information under federal or state law. Such material is referred to herein as "confidential material" and the party designating the material is referred to herein as the "designating party."

    B.    "Confidential material" includes all discovery produced by parties that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, regulation, or court rule; (b) trade secrets or other non-public information of a proprietary, strategic, and/or competitively sensitive nature; (c) state or federal income tax information, (d) employment records of past, present, or prospective employees of Parball Newco dba Bally's, Parball Corp., Parball LLC, PHWLV LLC dba Planet Hollywood Las Vegas Resort and Casino, Paris LV Operating Co., LLC, including but not limited to: (1) compensation and benefit information; (2) work histories and performance evaluations/ratings; (3) information regarding complaints of discrimination, retaliation, or harassment and investigative files pertaining to such complaints; (4) medical and health-related information; (5) information about disciplinary action, including terminations or suspensions; and (6) personal information, including home and email addresses, dates of birth, telephone numbers, banking or other financial information, and social security numbers. The parties will comply with the local rules regarding the redaction of sensitive information.

    C.    The designating party will mark each page "confidential" of documents designated as such. The designation will avoid obscuring or defacing any portion of

2

the document. All copies of confidential discovery material will also be considered confidential. The designating party may designate confidential a range of documents or pages, accompanied by a writing identifying the range as confidential. If a party inadvertently fails to designate discovery material as confidential, but subsequently determines that such material should have been so designated, it will provide written notice of the confidential designation and to the extent practicable the material will be treated as confidential from the date notice is received. If a party designates material as confidential and later determines that it should not have been so designated, it will provide the opposing party written notice of the removal of the designation and a copy of the material without the confidential marking.

D. All confidential material and any portion thereof, and any information derived therefrom, will be deemed confidential and will be used only in this action including for possible resolution of the asserted claims.

E. Material designated confidential, including copies and any information derived therefrom, will not be disclosed to anyone other than: (a) the Court and its personnel; (b) counsel of record; (c) stenographic reporters; (d) the named parties in *Slack, et al. v. Parball Newco, LLC, et al*; (e) any current or former officers, directors, or employees of the parties who are needed to assist counsel; (f) and the following, provided they expressly agree to be bound by the terms of this stipulated protective order by executing the form attached as exhibit A: (i) any retained expert witness or consultant regarding this action; (ii) fact witnesses and potential witnesses at, or in preparation for, deposition, trial, or hearing in this action, or who otherwise require the information to assist counsel in this action; and (iii) outside vendors who perform photocopying, data entry, or similar clerical functions.

Confidential material may not be disclosed to any other person or entity without prior written consent of the designating party or court order. Such disclosure should be made only to the extent reasonably necessary for effective prosecution and defense of the claims in this action and for no other purpose. Confidential materials may not

3

be used in any other legal action, unless the designating party certifies in writing that such a use is permitted. However, nothing will preclude a recipient party from using testimony obtained in this action for impeachment purposes in other litigation.

## II. CONDITIONS OF DISCLOSURE

A. Before disclosing confidential material to persons qualified to receive it, counsel for the requesting party will secure from each such person who is not a party to this lawsuit the signed exhibit A, which provides that he or she (i) has read or has had explained to them and understands this stipulated protective order, (ii) will not divulge any confidential material except in the preparation, trial, or appeal of this action and in accordance with the terms of the stipulated protective order, and (iii) will not use the material for any other purpose.

B. The parties' counsel will be responsible for distribution and control of confidential material who will maintain a list of all persons to whom confidential material has been disclosed and the executed written forms referenced in paragraphs I.E. and II.A. Confidential material will be copied only by counsel or personnel or outside vendors assisting counsel and only for purposes permitted by this order. For good cause shown, a designating party may request an order directing the disclosure of all persons to whom confidential material has been disclosed as well as the written assurances executed by such persons.

C. The restrictions set forth in this protective order will not apply to any information that is or becomes public knowledge through its authorized release and not in violation of this order. If confidential material is produced by a third party that any party believes to be confidential, the parties in this litigation may designate the material as such by marking it confidential and providing the marked copy to the opposing party who will either (1) agree the material is confidential under the terms of this protective order, or (2) inform the designating party that it disagrees that the material should be governed by the terms of this protective order, but nonetheless will treat the material as confidential for at least 20 days from notice of the confidentiality

designation, to provide the party desiring protection sufficient time to seek relief from the Court. Treatment of the material as confidential will continue until the Court resolves the issue.

III. PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS

A. During a deposition, either party may request any person present to sign the attached exhibit A.

B. To designate confidential information in testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing within 20 days after receipt of the transcript.

C. If confidential material is marked as an exhibit in a deposition, hearing, or other proceeding in this action, and its contents are disclosed in testimony at such proceeding, counsel for the parties will (a) advise the reporter that the exhibit refers to confidential material or (b) notify the reporter in writing within 20 days after receipt of the transcript. In either instance, the exhibit and related portions of the transcript containing such disclosure will be marked confidential and will be deemed as such. The reporter will not furnish copies to anyone other than to counsel of record and, if requested by counsel, the witness, and the witness's counsel.

IV. USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

Confidential material will be filed or submitted to the Court under seal as set forth in Local Rule of Practice IA 10-5 unless the parties agree in advance that such sealing is unnecessary.

No document will be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal will be served on opposing counsel, and on the person or entity that has custody and control of the document, if it is different from opposing counsel. If opposing counsel or the person or entity that has custody and control of the document wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the

application will be filed. The parties will abide by applicable law, including Local Rule of Practice IA 10-5, with respect to filing documents under seal. For motions that refer to confidential material, the parties will publicly file a redacted version of the filing.

## V. CHALLENGING A CONFIDENTIAL DESIGNATION

A party may dispute the designation of discovery material as confidential, in which event the objecting party will notify the designating party in writing of such dispute. The notice will identify the disputed material and explain the basis for the objection. The designating party will have 10 days to provide a written response by facsimile or electronic mail to the notice, explaining its reason for designating the material as confidential. Should the objecting party dispute such reasons, it will so notify the designating party, who will have 20 days from the date of such notice to seek relief from the Court sustaining confidential status. If no such motion is filed within the 20 day period the designating party will waive the confidential designation of the materials. The designating party will have the burden of demonstrating that the material is properly designated as confidential. In the event of a dispute, the parties will continue to treat the disputed material as confidential until the dispute is resolved or the designating party has waived the confidential designation.

## VI. NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party to this protective order seeking disclosure of confidential material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than five business days after receiving the subpoena, to counsel for the designating party. The subpoenaed party will not disclose any confidential material for seven business days after providing notice to the other party, and in no event make disclosure before notice is given. If, within this seven business day period, Court relief is sought from the subpoena with regard to any confidential material, the subpoenaed party will wait for the Court to resolve the issue, unless the Court orders otherwise. Nothing herein is intended to be

construed as authorizing a party to disobey a lawful subpoena issued in another action.

VII. NO RESTRICTIONS

Nothing in this protective order will: (a) restrict any party with respect to its own material or to discovery material that has not been designated confidential; (b) prejudice any party's rights to object to the production or disclosure of information it considers not subject to discovery; (c) restrict the proper scope of discovery that can be sought by any party; or (d) prejudice any party's right to seek relief from the terms of this protective order.

Nothing in this protective order will be deemed to limit or waive the attorney-client, work product, or any other privilege or is intended to affect the admissibility of any confidential material. Pursuant to Rule 502(d) of the Federal Rules of Evidence, attorney-client, work product, or any other privilege will not be waived by disclosure connected to this litigation. Requests for confidentiality or sealing of any hearing or trial will be made to the presiding judge.

The Court may modify this protective order in the interests of justice or for public policy reasons on its own initiative.

VIII. RETURN OF CONFIDENTIAL MATERIALS

Within 60 days after this action is concluded, including any appeals, materials designated as confidential, and any copies thereof, will be destroyed or if the designating party desires returned to the designating party at that party's expense. This provision will not apply to court filings or copies of pleadings, briefs, or correspondence maintained by counsel during the ordinary course of business. Any destruction of confidential material will be verified in writing within 10 days of such destruction.

IX. BINDING EFFECT

This protective order will remain in full force and effect at all times during which any party to this protective order or any person having executed the attached exhibit A retains in his, her, or its possession, custody, or control any confidential

material.

X. ADDITIONAL PARTIES TO LAWSUIT

If other parties are added to this action, confidential material will be not be disclosed to such parties or their counsel except upon agreeing to be bound by the provisions of this protective order.

XI. ADDITIONAL RIGHTS

This protective order is without prejudice to the right of any party to move the Court, pursuant to Fed. R. Civ. P. 26(c) or Local Rule of Practice 26-7, for an order seeking protection of confidential material sought by or produced through discovery, which protection is different from or in addition to that provided for in this protective order, and such right is expressly reserved. Similarly, each party reserves the right to request the Court to order disclosure other than contemplated hereunder of materials subject to this protective order.

SO STIPULATED.

Dated: August 4, 2017

*Leon Greenberg* /ASP
LEON GREENBERG
DANA SNIEGOCKI
LEON GREENBERG
PROFESSIONAL CORPORATION
2965 South Jones Blvd.
Suite E3
Las Vegas, Nevada 89146
Tel.: 702.383.6085
Fax: 702.385.1827
leongreenberg@overtimelaw.com
dana@overtimelaw.com

Attorneys for plaintiffs

*Allen J. Papadopoulos*
ELAYNA J. YOUCHAH
(Nev. Bar No. 5837)
JACKSON LEWIS P.C.
3800 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169
Tel.: 702.921.2460
Fax: 702.921.2461
youchahe@jacksonlewis.com

JOEL M. COHN (*pro hac vice*)
ALLISON PAPADOPOULOS (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: 202.887.4000
Fax: 202.887.4288
jcohn@akingump.com

*apapadopoulos@akingump.com*

Attorneys for defendants Parball Newco LLC and PHWLV, LLC

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: August 8, 2017

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read and understand, or have been advised by an attorney about the contents of, the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in *Slack, et al. v. Parball Newco LLC, et al.*, No 2:16-cv-02324-RFB-CWH (D. Nev.). I agree to comply with and be bound by all the terms of this Stipulated Protective Order and keep confidential (meaning not disclose to any other person) the materials and information subject to the same. I understand that failure to do so may expose me to sanctions and punishment.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
             [signature]

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed using the Court's CM/ECF system on this 4th day of August, 2017, which will send electronic notification of this filing to all counsel of record.

/s/ *Allison S. Papadopoulos*
Allison S. Papadopoulos