LEON GREENBERG
Nevada Bar No.: 8094
DANA SNIEGOCKI
Nevada Bar No.: 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard - Suite E3
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com
dana@overtimelaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM SLACK, HARRY STROCK, and EDWARD CHAMPA Individually and on behalf of others similarly situated, | Case No. 2:16-cv-02324-KJD-CWH |
| Plaintiffs, | |
| vs. | STIPULATION AND ORDER TO MODIFY AND EXTEND DEADLINES IN DISCOVERY PLAN AND SCHEDULING ORDER |
| PARBALL NEWCO LLC dba BALLY'S, PARBALL CORP., PARBALL LLC, PHWLV, LLC dba PLANET HOLLYWOOD LAS VEGAS RESORT AND CASINO, and "JOHN DOE CORPORATIONS" 1 to 50, name fictitious, actual name and number unknown, | (FIRST REQUEST) |
| Defendants. | |

The parties, by and through their counsel of record, hereby stipulate and agree to the following:

1.      The parties' Joint Discovery Plan and Scheduling Order was entered by the Court on April 7, 2017.  ECF No. 51.

2.      The parties request that the Court enter an order extending the remaining deadlines by 30 days, including the deadlines for expert disclosures,

1

rebuttal expert disclosures, dispositive motions, class certification and decertification motions, and discovery.

DISCOVERY COMPLETED

3. Since the discovery period opened, the parties have exchanged written discovery requests and responses. The plaintiffs have served four sets of requests for the production of documents and five sets of interrogatories. Defendants have d responded to all written discovery, except plaintiffs' Fifth Set of Interrogatories for which the deadline to respond is December 29, 2017.

Defendants have served one set of requests for the production of documents and one set of interrogatories on each of the 83 plaintiffs who have submitted a consent to join this lawsuit. The named plaintiffs have responded to defendants' discovery requests; however, none of the opt-in plaintiffs have served responses. Defendants have also noticed the depositions of three opt-in plaintiffs. The opt-in plaintiffs refused to appear for deposition. In July and September 2017, defendants filed motions to compel written discovery responses and depositions. The motions are fully briefed and pending before the Court. *See* ECF Nos. 53, 62.

DISCOVERY THAT REMAINS TO BE COMPLETED

4. The deadline for defendants to respond to plaintiffs' Fifth Set of Interrogatories is December 29, 2017. Plaintiffs' counsel has been conferring in writing and via phone with defendants' counsel over the last two months regarding defendants' responses to certain of plaintiffs' prior discovery requests. Plaintiffs anticipate having to file a motion to compel proper discovery responses in the near future if the parties are unable to resolve their ongoing discovery dispute. Plaintiffs also anticipate that additional written discovery requests may be required once the parties or the Court resolves the ongoing discovery disputes. Finally, plaintiffs anticipate noticing depositions of defendants, including a Fed. R. Civ. P. 30(b)(6) deposition.

5.     Defendants intend to take the three opt-in plaintiff depositions they have already noticed, subject to the ruling of the Court on their motion to compel these depositions.  Defendants reserve the right to take up to an additional seven opt-in plaintiff depositions.  And defendants have previously reserved the right to take the depositions of all trial witnesses whose deposition has not previously been taken in the litigation.

WHY THE DEADLINES SHOULD BE EXTENDED

6.     Because of plaintiffs' perceived deficiencies in defendants' responses to their written discovery requests, plaintiffs believe they do not have the materials necessary for an expert to conduct a proper analysis in this matter.  Plaintiffs have also been denied discovery pertaining to the absent members of the Rule 23 class, and defendants have only provided discovery pertaining to the 83 persons who have submitted consents to join the FLSA action.  Accordingly, plaintiffs believe that no expert report can be furnished as to the damages for the entire Rule 23 class without defendants producing materials for all Rule 23 class members.

7.     Decisions on defendants' motions to compel discovery will affect the timing of further discovery.  Defendants do not oppose plaintiffs' request to extend the deadlines in this action.

PROPOSED SCHEDULE

8.     The parties propose the following extended schedule:

| EVENT | CURRENT DEADLINE | NEW DEADLINE |
|---|---|---|
| Discovery Cut-Off Date | February 28, 2018 | March 30, 2018 |
| Expert Disclosures | December 22, 2017 | January 22, 2018 |
| Rebuttal Expert Disclosures | January 19, 2018 | February 19, 2018 |

| Dispositive Motions | March 30, 2018 | April 30, 2018[1] |
| Motions for Class Certification | April 19, 2018 | May 21, 2018 |

9.     This is the parties' first request to extend the foregoing deadlines. The parties believe such extensions are necessary to allow the parties to properly complete discovery, including depositions and expert disclosures. Accordingly, such request to extend the deadlines is made in good faith and not for the purpose of delay.

Date:  December 1, 2017

Leon Greenberg Prof. Corp.
By:   /s/ *Leon Greenberg*
Leon Greenberg
Dana Sniegocki
Attorneys for plaintiffs

Date:  December 1, 2017

AKIN GUMP STRAUSS HAUER & FELD, LLP
 /s/ *Joel M. Cohn*
Joel M. Cohn
Allison S. Papadopoulos
Attorneys for defendants

IT IS SO ORDERED.

_____
United States Magistrate Judge

December 4, 2017
_____
Date

---

[1] The parties agree that if a motion for class certification has been filed but not yet decided, the deadline for filing dispositive motions will be 45 days after the Rule 23 motion is decided.

4