# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

WILLIAM SLACK, et al.,

    Plaintiffs,

v.

PARBALL NEWCO, LLC, et al.,

    Defendants.

Case No. 2:16-cv-02324-KJD-CWH

**ORDER**

This matter is before the court on defendants Parball Newco LLC dba Bally's, Parball Corp., Parball LLC, and PHWLV, LLC dba Planet Hollywood Las Vegas Resort and Casino's Motion to Compel Responses to Discovery Requests (ECF No. 53), filed on July 28, 2017. Plaintiffs filed a response (ECF No. 57) on August 15, 2017. Defendants filed a reply (ECF No. 59), supported by a request for judicial notice (ECF No. 60), on August 22, 2017.

**I.  BACKGROUND**

This is a Fair Labor Standards Act ("FLSA") action against defendants who own and operate Bally's Hotel and Casino, Paris Hotel and Casino, and Planet Hollywood Las Vegas Resort and Casino in Las Vegas, Nevada. (Am. Compl. (ECF No. 11) at 1-3.) The amended complaint alleges that defendants misclassified table games supervisors (also called casino floor supervisors) as exempt from overtime under federal and Nevada state law. (*Id.* at 5-10.) For instance, table games supervisors who supposedly were salaried employees were sometimes sent home early due to casino floor overstaffing, but received only partial day pay, unless those employees used accumulated paid time off. (*Id.* at 5.) As a result of the misclassification, plaintiffs allege they were denied overtime for hours they worked over 40 each workweek for pre-shift meetings, quarterly training, and online training and testing/certification. (*Id.* at 6-7.)

In March 2017, the court approved the parties' stipulation to conditionally certify the federal claim. (Order (ECF No. 46).) The notice that potential opt-in plaintiffs received regarding their right to join the lawsuit stated "[y]ou may or may not be required to provide

information about your work for the defendants or give evidence as part of this lawsuit if you want your claim for overtime wages to be decided as part of this lawsuit." (Order (ECF No. 46) at 8.) The parties stipulated to conduct discovery in a single phase. (Scheduling Order (ECF No. 51).) The parties' discovery plan stated that they did not agree regarding the scope of opt-in discovery, but they would "confer and attempt to resolve the scope of opt-in plaintiff discovery following the conclusion of the opt-in period, once the number and identity of opt-in plaintiffs are determined." (*Id.*) Three named plaintiffs and 80 opt-in plaintiffs submitted consent forms. (*See* ECF Nos. 7-10, 14-16, 20-21, 28-30, 39, 61.)

Defendants served written interrogatories and requests for production on all plaintiffs, including the opt-in plaintiffs. (Papadopoulos Decl. (ECF No. 53-1).) Plaintiffs served written objections and no responses to the requests. (*Id.*) The parties participated in a meet-and-confer conference in which plaintiffs stated that opt-in plaintiffs were not required to respond to individual discovery as a matter of law. (*Id.*) Defendants state that as an attempt to compromise, they subsequently withdrew certain interrogatories and requests for production, leaving three interrogatories and eight document requests for each plaintiff who is still employed by defendants, and five interrogatories and eight document requests for each plaintiff who was terminated. (*Id.*) Defendants represent that plaintiffs have not responded to those requests. (*Id.*) Defendants now move to compel individualized discovery from the three named plaintiffs and all opt-in plaintiffs.

## II. ANALYSIS

Defendants move to compel responses to their written discovery requests, arguing that the named plaintiffs have improperly refused to respond until a resolution is reached on the scope of discovery on the opt-in plaintiffs. Defendants further argue they are entitled to individualized discovery from all opt-in plaintiffs because they are ordinary party plaintiffs who are subject to the full range of discovery. Defendants contend that individualized discovery regarding how each opt-in plaintiff spent his or her time is required to analyze the overtime exemption and to assess whether plaintiffs are similarly situated and their defenses to individual plaintiffs. Defendants argue that the opt-in class is relatively small, that nearly all opt-in plaintiffs live and work in Las

Vegas, that plaintiffs' counsel have been provided with all opt-in plaintiffs' contact information, and that the parties agreed to conditional certification and to conduct discovery in a single phase. In support of their motion, defendants cite various FLSA cases where individualized discovery of all of the opt-in plaintiffs was allowed.

Plaintiffs respond that they will provide full discovery as to the three named plaintiffs, but that discovery on all opt-in plaintiffs is burdensome, unnecessary, and undermines the purpose of conditionally certifying a collective action. Plaintiffs contend that courts routinely deny individualized discovery of opt-in plaintiffs in FLSA classes and argue the class-wide discovery principles of Rule 23 (class actions) should apply to this collective action.

According to plaintiffs, the two crucial factual issues in this case are the plaintiffs' job duties and their hours of work. Plaintiffs argue that individualized discovery on the opt-in plaintiffs is unnecessary unless defendants first provide limited discovery indicating the opt-in plaintiffs' job duties differ. Plaintiffs further argue that if they accept the defendants' assertions on these two issues, there would be no need for discovery on the opt-in plaintiffs. Plaintiffs urge the court to require the parties to formulate a protocol for determining whether individualized discovery on all opt-in plaintiffs is required.

Plaintiffs' response primarily focuses on the threshold issue of whether defendants are permitted to take individualized opt-in discovery. Plaintiffs do not provide specific objections to the discovery that defendants move to compel. However, Plaintiffs argue the discovery requests do not relate to the actual tasks, responsibilities, and duties assigned to and performed by the opt-in plaintiffs. Plaintiffs also contend that the discovery requests do not relate to decertifying the conditionally-certified class. To the extent discovery on the opt-in plaintiffs is allowed, plaintiffs argue it should be limited to a 10 percent sample and that the scope of the requests should be limited to information supporting a motion to decertify the conditionally-certified class.

Defendants reply that they are not required to make any showing or prove their affirmative defenses before plaintiffs are required to respond to discovery. Defendants further reply that their liability depends on each plaintiff's actual job duties, which requires individualized discovery.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 37(a) provides that a party may move for an order compelling the requested discovery. Fed. R. Civ. P. 37(a)(1), (a)(3)(B). The party resisting discovery has the burden to show discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). It is within the court's broad discretion to control discovery, "and its rulings will not be overturned in the absence of a clear abuse of discretion." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Courts have taken different approaches regarding the extent of allowable discovery from opt-in plaintiffs in collective actions: (1) individual discovery is allowed for all opt-in plaintiffs, who are party plaintiffs subject to the full range of discovery; (2) no individualized discovery is allowed, on the grounds that it would undermine the purpose and usefulness of collective actions; and (3) individualized discovery is allowed, but only from a sample of opt-in plaintiffs. *See, e.g., Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (recognizing in dicta that the law is unsettled regarding opt-in plaintiffs' duty to participate in individual discovery in FLSA cases); *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (collecting cases on different approaches); *Cranney v. Carriage Servs., Inc.*, No. 2:07-CV-01587-RLH-PAL, 2008 WL 2457912, at *2 (D. Nev. June 16, 2008) (same).

While the decisions on individualized discovery are highly fact-specific, common considerations are the number of opt-in plaintiffs and the type of discovery being requested, with individualized discovery being permitted more frequently in cases with relatively few plaintiffs and targeted written discovery. *Compare Abubakar v. City of Solano*, No. 06-cv-2268-LKK-EFB, 2008 WL 508911, at *1 (E.D. Cal. Feb. 22, 2008) (allowing individualized discovery for all 150 opt-in plaintiffs, including requests for production and interrogatories), *and Ingersoll v. Royal & Sunalliance USA, Inc.*, No. 05-cv-1744-MAT, 2006 WL 2091097, at *3 (W.D. Wash. July 25, 2006) (allowing individualized discovery from named plaintiffs and all 34 opt-in plaintiffs), *and Coldiron v. Pizza Hut, Inc.*, No. CV03-05865TJHMCX, 2004 WL 2601180, at *2 (C.D. Cal. Oct.

25, 2004) (allowing individualized discovery for all 306 opt-in plaintiffs, including interrogatories, requests for production of documents, and requests for admission), *with Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137 (D. Nev. 2015) (limiting discovery to ten percent of approximately 9,500 opt-in plaintiffs, including interrogatories, requests for production, and requests for admission on randomly-selected opt-in plaintiffs, and a total of 95 depositions of opt-in plaintiffs who were chosen for written discovery), *and Smith*, 236 F.R.D. at 358 (limiting discovery to a statistically-significant sample of 1,500 opt-in plaintiffs, without prejudice for defendants to move to expand the number), *and Wellens v. Daiichi Sankyo, Inc.*, No. C-13-00581-WHO (DMR), 2014 WL 7385990, at *4 (N.D. Cal. Dec. 29, 2014) (limiting discovery to approximately forty percent of a class of 213 opt-in plaintiffs, including full discovery of named plaintiffs, declarations from 39 opt-in plaintiffs, depositions of 25 opt-in plaintiffs, and interrogatory responses from 37 opt-in plaintiffs), *and Cranney*, 2008 WL 2457912, at *3 (limiting individualized discovery to ten percent of approximately 300 opt-in plaintiffs, including interrogatories and requests for production of documents), *and Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:08-cv-00722-RCJ-PAL, 2010 WL 2872406, at *3-4 (D. Nev. 2010) (limiting discovery to ten percent of approximately 500 opt-in plaintiffs, including interrogatories, requests for production of documents, and depositions of 10 opt-in plaintiffs).

      Here, the size of the opt-in class is relatively small. Defendants represent that most of the opt-in plaintiffs reside in Las Vegas. The opt-in plaintiffs chose to participate in this lawsuit knowing that they may be required to respond to discovery. The parties agreed to conduct discovery in a single phase, making this the only opportunity for the parties to discover evidence supporting the claims and defenses in this matter.

      The court is mindful of the efficiency considerations underlying collective actions and of the fact that permitting the full scope of discovery authorized by the Federal Rules of Civil Procedure could be unreasonably burdensome on the parties and the court. *See Cranney*, 2018 WL 2457912, at *3. However, fairness dictates that defendants should be permitted to conduct enough discovery to move for decertification and to support their defenses, particularly in light of the fact the parties agreed to a single phase of discovery. Given the nature of the discovery

requested, which appears to be targeted primarily at the defenses, the court finds that the requested information cannot be assessed based on a sample of the opt-in plaintiffs. Thus, the court in its discretion will allow individualized discovery on all named plaintiffs and opt-in plaintiffs. The court therefore grants defendants' motion in part.

The court denies the motion without prejudice, however, to the extent that defendants move to compel responses to the particular discovery requests at issue. The court does not have the benefit of objections and cannot evaluate the relevance and proportionality of the requests. Although the court does not express an opinion on the discovery requests at issue in the motion, the court expects that in moving forward with discovery, the experienced and professional counsel on this case will be mindful of the purpose of collective actions and will make every effort to avoid burdening counsel, the parties, and the court with excessive discovery. The court expects that discovery requests will be limited in number and that the substance of the requests will be targeted to the issues of whether the plaintiffs are similarly-situated and/or defendants' defenses. The court expects counsel to work collaboratively to propound written discovery on the opt-in plaintiffs in a simple and direct fashion that reduces the burden on plaintiffs' counsel to the greatest extent possible.

In light of these findings, the parties must meet and confer and file the following documents by April 25, 2018:

- A joint status report stating whether the parties need to submit additional briefing on any of the pending discovery motions (ECF Nos. 62, 73, 74, 76, 78, 85, 89) and whether the parties withdraw any of those motions in light of this order; and
- An amended proposed discovery plan and scheduling order to accommodate opt-in plaintiff discovery.

### III. SANCTIONS

Defendants request attorney's fees for having to bring the motion to compel. Plaintiffs do not respond to the request for sanctions. When a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). As for the opt-in plaintiffs, given that the law is unsettled on their responsibility for

responding to individualized discovery, the court declines to award sanctions for their failure to respond to discovery pending the outcome of this motion. While the named plaintiffs' failure to respond to discovery was not substantially justified, the court declines to apportion expenses under these circumstances because the substantial majority of the briefing was dedicated to the issue of opt-in plaintiff discovery. The court therefore denies defendants' request for sanctions.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that defendants Parball Newco LLC dba Bally's, Parball Corp., Parball LLC, and PHWLV, LLC dba Planet Hollywood Las Vegas Resort and Casino's Motion to Compel Responses to Discovery Requests (ECF No. 53) is GRANTED in part and DENIED in part as stated in this order.

IT IS FURTHER ORDERED that the parties must meet and confer and file a joint status report and an amended discovery plan and scheduling order by April 25, 2018.

DATED: March 26, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE