LEON GREENBERG, ESQ.
Nevada Bar No.: 8094
DANA SNIEGOCKI, ESQ.
Nevada Bar No.: 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard - Suite E3
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com
dana@overtimelaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM SLACK, HARRY STROCK, and EDWARD CHAMPA Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PARBALL NEWCO LLC dba BALLY'S, PARBALL CORP., PARBALL LLC, PHWLV, LLC dba PLANET HOLLYWOOD LAS VEGAS RESORT AND CASINO, and "JOHN DOE CORPORATIONS" 1 to 50, name fictitious, actual name and number unknown,<br><br>Defendants. | Case No. 2:16-cv-02324-JAD-CWH<br><br>**ORDER GRANTING FINAL APPROVAL OF PROPOSED COLLECTIVE ACTION SETTLEMENT AND APPROVING REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS**<br><br>ECF No. 156 |

On January 25, 2019, the Court heard the parties' Joint Motion for an Order Granting Final Approval to Class Action Settlement, the Court also hearing at that time the Plaintiffs' Counsel's Unopposed Motion for Order Granting Proposed Award of Attorneys' Fees and Costs and Approval of Plaintiff Service Awards. The Court finds and orders as follows:

1

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation of Settlement ("Stipulation"), previously filed with this Court. ECF No. 153.

2. This Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over the named-plaintiffs, all Class members, and Defendants.

3. The Court finds that the distribution of the Notice of Settlement of Class and Collective Action ("Notice") which was carried out pursuant to the Stipulation, constituted the best notice practicable under the circumstances and fully satisfies the requirements of the Fair Labor Standards Act (the "FLSA") and any other applicable law.

4. Pursuant to the FLSA, the Court grants final approval of this settlement and finds that the settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and Plaintiff Service awards provisions. The Court specifically finds that the settlement confers a substantial benefit to the settlement members, considering the strength of Plaintiffs' claims and the risk, expense, complexity, and duration of further litigation.

5. The response of the class supports settlement approval. The Court finds that zero (0) Class Members have objected to the Settlement or requested to be excluded from the Settlement. The lack of objectors or excluders, despite due notice, supports final approval of the Settlement.

6. The Court finds that the Stipulation was the product of protracted, arm's length negotiations between experienced counsel representing the interests of both sides, which supports approval of the settlement in accordance with the standards set forth in the joint motion for final approval of settlement.

7. The Court confirms the appointment of Leon Greenberg and Dana Sniegocki of Leon Greenberg Professional Corporation as class counsel for the settlement class and approves their requests for attorneys' fees of $32,000.00 and an expenses payment of $2,000.00 from the Settlement Fund for their services on behalf of the Plaintiffs and the Class. The Court finds that the foregoing awards from the

1 | Settlement Fund are fair and proper for the reasons detailed in the declaration of Plaintiffs' Counsel submitted to this Court.

8. The Court confirms the appointment of William Slack, Harry Strock, and Edward Champa as the Class Representatives and approves and directs the payment of $1,000 to each of them, to be paid from the Settlement Fund, as Class Representative Service Awards for prosecuting this case successfully and securing the recovery for the Class and such awards shall be so paid as set forth in the Stipulation. The Court also approves the payment of $700.00 each to Paul Trovato, Josianne Mills, and Andrew Craig, who provided deposition testimony during the discovery process and whose testimony aided and assisted Class Counsel in successfully securing the Settlement for the Class.

9. Except as stated in this Order, all other terms of the Settlement will remain as stated in the Stipulation and all accompanying documents and the Orders of this Court.

10. The Court directs the parties to effectuate the settlement terms as set forth in the Stipulation and the Claims Administrator to calculate and pay the claims of the class members in accordance with the terms set forth in the Stipulation.

11. Upon entry of this Order this case will have resulted in a Final Judgment in respect to all claims and all parties and the Complaint will be dismissed with prejudice.

///
///
///
///
///
///
///
///

This Court will retain jurisdiction for purposes of enforcing this Settlement, including payment of the settlement fund, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

**IT IS SO ORDERED**

DATED: 1/25/2019

_____
HON. JENNIFER A. DORSEY
DISTRICT JUDGE